IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REGINALD L. BUTLER<br>  8622 Blackpool Drive<br>  Annandale, VA 22003<br><br>  *Plaintiff,*<br><br>v.<br><br>DISTRICT OF COLUMBIA HOUSING<br>FINANCE AGENCY<br>  815 Florida Avenue, N.W.<br>  Washington, D.C. 20001<br><br>  *Defendant.* | Case No.: _____ |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant District of Columbia Housing Finance Agency ("DCHFA") hereby removes to this Court, *Reginald L. Butler v. District of Columbia Housing Finance Agency*, Case No. 2007 CA 007090 B, from the Superior Court of the District of Columbia, Civil Division, pursuant to 28 U.S.C. § 1441 *et seq.*, based upon the following grounds:

1. Defendant DCHFA is a statutorily created corporate body operating in the District of Columbia.

2. Plaintiff Reginald L. Butler is a resident of the Commonwealth of Virginia, residing at 8622 Blackpool Drive, Annandale, Virginia 22003.

3. Plaintiff filed a complaint in the Superior Court for the District of Columbia, Civil Division, on October 24, 2007, and DCHFA received a summons and copy of the complaint on the same day. As such, removal of this action is timely under 28 U.S.C. § 1446(b).

4. Plaintiff's complaint alleges violations of the federal Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* and the District of Columbia Family and Medical Leave Act ("DC FMLA"), D.C. Code § 32-501 *et seq.*

5. This Court has original jurisdiction of the FMLA claim under 28 U.S.C. § 1331, and supplemental jurisdiction of the DC FMLA claim under 28 U.S.C. § 1367. Accordingly, removal is appropriate under 28 U.S.C. § 1441(c).

6. Copies of all process, pleadings, and orders served upon DCHFA are attached hereto as Exhibit A. *See* 28 U.S.C. § 1446(a).

Respectfully submitted,

_____
Jeffrey W. Larroca #453718
Charles W. Chotvacs #484155
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
601 13th Street, N.W.
Suite 1000 South
Washington, D.C. 20005-3807
Telephone: (202) 661-2200
Facsimile: (202) 661-2299
E-mail: larroca@ballardspahr.com
         chotvacsc@ballardspahr.com

November 13, 2007

*Counsel for Defendant*
*District of Columbia Housing Finance Agency*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant's Notice of Removal was mailed, First-Class postage prepaid, this 13th day of November, 2007, to the following counsel for plaintiff:

Jonathan L. Gould
KESTELL AND ASSOCIATES
1012 14th Street, N.W.
Suite 630
Washington, D.C. 20005
*Counsel for Plaintiff*
*Reginald L. Butler*

Charles W. Chotvacs

*Reginald L. Butler v. District of Columbia Housing Finance Agency*

# EXHIBIT A

## D.C. Superior Court
## Process, Pleadings, and Orders



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

REGINALD BUTLER
Vs.
DISTRICT OF COLUMBIA HOUSING FINANCE AGENCY

C.A. No.   2007 CA 007090 B

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge JUDITH E RETCHIN
Date:  October 24, 2007
Initial Conference: 9:30 am, Friday, January 25, 2008
Location:  Courtroom 220
           500 Indiana Avenue N.W.
           WASHINGTON, DC  20001

Caio.doc

# ADDENDUM TO INITIAL ORDER AFFECTING
# ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc

SCR CIV FORM 1-A
Notice and Acknowledgment for Service by Mail
SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

Reginald L. Butler

Plaintiff

V.

District of Columbia Housing Finance Agency

Defendant

Civil Action Number: 2007 CA 007090 B

## NOTICE

To: Name: Harry T. Alexander, Jr., General Counsel, D.C. Housing Finance Agency
Address: 815 Florida Avenue, NW
Washington DC 20001

The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

You must sign and date the Acknowledgement. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be taken against you or the relief demanded in the complaint.

This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date) October 24, 2007

October 24, 2007
Date of Signature

### Acknowledgment of Receipt of Summons, Complaint and Initial Order

I received a copy of the summons, complaint and initial order in the above captioned matter at

(address)

Signature                Relationship to Defedant/Authority                Date of Signature

Form CV(6)-1590/Mar 97

SCR CIV FORM 1-A
Notice and Acknowledgment for Service by Mail
SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

Reginald L. Butler

Plaintiff

V.

Civil Action Number 2007 CA 007090 B

District of Columbia Housing Finance Agency

Defendant

## NOTICE

To: Name Harry T. Alexander, Jr., General Counsel, D.C. Housing Finance Agency

Address 815 Florida Avenue, NW

Washington DC 20001

The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

You must sign and date the Acknowledgement. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be taken against you or the relief demanded in the complaint.

This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date) October 24, 2007

Signature _Jonathan L. Gould_

October 24, 2007
Date of Signature

Acknowledgment of Receipt of Summons, Complaint and Initial Order

I received a copy of the summons, complaint and initial order in the above captioned matter at

(address)

Signature _____

Relationship to Defedant/Authority To Receive Service

Date of Signature

Form CV(6)-1590/Mar 97

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| REGINALD L. BUTLER<br>8622 Blackpool Drive<br>Annandale, VA 22003<br><br>Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA<br>HOUSING FINANCE AGENCY<br>815 Florida Avenue, NW<br>Washington, DC 20001<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:  Civil Action No.<br>:<br>:<br>:<br>:<br>:<br>:<br>:  October 24, 2007 |

## COMPLAINT

### JURISDICTION

1. This action is authorized and brought under the federal Family and Medical Leave Act (FMLA), 29 U.S.C. §2601, et.seq. at §2617(a)(2) and the District of Columbia Family and Medical Leave Act (DCFMLA), DC Code §32-501, et.seq. at §32-510(a).

2. The plaintiff, Mr. Reginald L. Butler (hereafter referred to as Mr. Butler or the plaintiff) alleges that, in terminating his employment, the defendant interfered with his rights protected under the FMLA and DCFMLA and retaliated against him for requesting and taking leave authorized under those laws.

### PARTIES

3. The plaintiff, Mr. Butler, is a United States citizen who currently resides in Annandale, VA.

1

4. The defendant, District of Columbia Housing Finance Agency, (hereafter referred to as the defendant or DCHFA) is a corporation engaged in interstate commerce. At all times relevant herein, it did business in the District of Columbia.

5. During the time periods relevant to this complaint, DCHFA was an employer of Mr. Butler as defined by the FMLA, 29 U.S.C. §2611(4) and the DCFMLA §32-501(2). At all times relevant herein, on information and belief DCHFA employed 20 or more and 50 or more persons for 20 or more calendar workweeks in the calendar year during which Mr. Butler took family leave.

6. During the time periods relevant to this complaint, Mr. Butler was an employee eligible to take family leave under 29 U.S.C. §2611(2) and the DCFMLA §32-501(1). In the 12-month period previous to requesting family leave, he had worked for the defendant for at least 12 months and had at least 1250 hours of service for the defendant.

## STATEMENT OF THE CLAIM

7. The plaintiff, Mr. Butler, began his employment with the defendant on October 1, 1981.

8. Mr. Butler received several promotions eventually rising to the position of Director, Business Services.

9. However, at the instruction of Harry Sewell, who was then Acting Director of DCHFA, the defendant terminated Mr. Butler's employment on October 27, 2006 after over 25 years of service.

2

10. At the time of the termination, Mr. Butler had just returned from a family leave as defined under DC Code §32-502(a)(4). Mr. Butler had requested the leave to care for his mother who had been hospitalized in critical condition in Cincinnati, Ohio.

11. Mr. Butler's leave lasted a total of six working days. When Mr. Butler returned from his leave on October 25, Sewell said he was dissatisfied because the leave had prevented Mr. Butler from attending an office meeting.

12. On October 26, 2006, Mr. Butler submitted a written form under the defendant's DCFMLA policies requesting an additional 25 days of family leave in the next several weeks in order to take care of his mother.

13. The next day, October 27, 2006, Sewell terminated Mr. Butler for alleged performance lapses. Despite the fact that Sewell knew that these alleged lapses occurred before Mr. Butler took family leave and before Mr. Butler requested additional family leave, Sewell said nothing to Butler about his intentions until that day.

14. These alleged performance lapses were also so inconsequential that the defendant's personnel rules did not even list them as grounds for immediate termination.

15. Further, some of these lapses Sewell failed to document in a written performance evaluation. Mr. Butler should have received this performance evaluation at the end of the agency fiscal year (September 30, 2006).

16. In terminating Mr. Butler's employment for reasons that were not serious offenses right after he returned from a family leave and right before he requested

3

additional family leave, the defendant interfered with, restrained and denied Mr. Butler his rights as an employee eligible for such leave under the FMLA and the DCFMLA and retaliated against him for requesting and taking such leave. The defendant thus violated 29 U.S.C. §§2614 and 2615 and DC Code §32-507.

17. As a result of the defendant's violations of the DCFMLA, Mr. Butler has suffered, and continues to suffer, a loss of employment, lost compensation and benefits, and other rights and privileges of his employment.

18. The defendant cannot prove that it acted in good faith or that it had a reasonable belief that it was not violating the DCFMLA.

## DEMAND FOR RELIEF

WHEREFORE, Mr. Butler requests that the Court award him the following relief:

1. Issue a ruling declaring that the defendant has violated his rights under the FMLA and DCFMLA;

2. Award him monetary damages to make him whole for all losses including, but not limited to, lost salary and benefits that he suffered because of the defendant's illegal conduct;

3. Direct the defendant to reinstate him or, in the alternative, award him front pay;

4. Award him additional liquidated damages for the defendant's violations of the FMLA;

5. Award him an additional sum equal to the amounts set forth in D.C. Code §32-509(b)(6);

4

6. Award him pre- and post-judgment interest on all pay awarded;

7. Direct the defendant to take any other actions that are necessary to give him complete relief within the remedial scope of the FMLA and DCFMLA, including awarding costs incurred in this action and reasonable attorneys' fees.

8. Award him any other legal or equitable relief to which he is entitled.

## DEMAND FOR JURY TRIAL

Mr. Butler hereby demands a trial by jury regarding all issues that he is entitled to under law.

Respectfully Submitted,
The Plaintiff,
REGINALD L. BUTLER

By _____
Jonathan L. Gould
DC Bar # 491052
Kestell and Associates
1012 14th Street, NW, Suite 630
Washington, DC 20005
Tel. 202-347-3889
Fax 202-347-4482
Email: jgould@igc.org
Attorney for the Plaintiff

5

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001   Telephone: 879-1133

Reginald L. Butler

*Plaintiff*

VS.

District of Columbia Housing Finance Agency

Civil Action No. [         ]

*Defendant*

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Jonathan L. Gould
Name of Plaintiff's Attorney

Kestell & Associates
Address

1012 14th Street NW, Suite 630

Washington DC 20005
Telephone

By _____
Deputy Clerk

Date October __, 2007

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE. N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE. N.W., ROOM JM 170

Form CV(6)-456/Mar. 98

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

Reginald L. Butler
8622 Blackpool Drive
Annandale, VA 22003

## DEFENDANTS

District of Columbia Housing Finance Agency
815 Florida Avenue, N.W.
Washington, D.C. 20001

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  11001
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

### (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Jonathan L. Gould
Kestell and Associates
1012 14th Street, N.W., Suite 630
Washington, D.C. 20005
Telephone: (202) 347-3889

### ATTORNEYS (IF KNOWN)

Jeffrey W. Larroca
Charles W. Chotvacs
Ballard Spahr Andrews & Ingersoll, LLP
601 13th Street, N.W.
Suite 1000 South
Washington, D.C. 20005-3807          Telephone: (202) 661-2200

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/ Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ○ H. *Employment Discrimination*<br><br>☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ○ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ○ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ○ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ○ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ○ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ○ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ○ 1 Original Proceeding
- ● 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 U.S.C. Sec. 1331 & 1367 -- Complaint alleging claim under FMLA, 29 U.S.C. Sec. 2601 et seq. and D.C. FMLA, D.C. Code Sec. 32-501 et seq.

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ no specific $ amount   Check YES only if demanded in complaint
JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 11/13/07   SIGNATURE OF ATTORNEY OF RECORD  _[signature]_

---

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.