IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

REGINALD L. BUTLER
  8622 Blackpool Drive
  Annandale, VA  22003

      *Plaintiff*,

*v.*                                          Case No.: 07-CV-2046 (HHK)

DISTRICT OF COLUMBIA HOUSING
FINANCE AGENCY
  815 Florida Avenue, N.W.
  Washington, D.C.  20001

      *Defendant*.
_____

### DISTRICT OF COLUMBIA HOUSING FINANCE AGENCY'S
### ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant District of Columbia Housing Finance Agency ("DCHFA") responds to Plaintiff Reginald L. Butler's amended complaint as follows:

### FIRST DEFENSE

The amended complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The amended complaint is barred in whole or in part by the doctrines of waiver and/or estoppel.

### THIRD DEFENSE

The claims asserted in the amended complaint are barred in whole or in part by the applicable statute of limitations and/or the doctrine of laches.

Doc #9920761

FOURTH DEFENSE

The claims asserted in the amended complaint are barred in whole or in part by Plaintiff's unclean hands.

FIFTH DEFENSE

Plaintiff failed to mitigate his damages.

SIXTH DEFENSE

DCHFA's actions towards Plaintiff were taken in good faith and not in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et seq.*, or the District of Columbia Family and Medical Leave Act ("DC FMLA"), D.C. Code §§ 32-501 *et seq.*

In addition, DCHFA reserves the right to assert further affirmative defenses as they may develop during discovery.

SEVENTH DEFENSE

DCHFA responds to the numbered paragraphs of the amended complaint as follows:

JURISDICTION

1.    The allegations in paragraph 1 of the amended complaint state legal conclusions which do not require a response.  To the extent a response is required, DCHFA denies the allegations.

2.    The allegations in paragraph 2 of the amended complaint state legal conclusions which do not require a response.  To the extent a response is required, DCHFA denies the allegations.

PARTIES

3.    DCHFA admits that Plaintiff is a United States citizen.  DCHFA lacks sufficient knowledge or information to admit or deny the allegations regarding Plaintiff's current city/state

of residence and, therefore, denies the allegations.

4.      DCHFA admits that it is a statutorily created corporate body doing business in the District of Columbia.   Plaintiff's allegations regarding "interstate commerce" are legal conclusion which do not require a response.  To the extent a response is required, DCHFA denies the allegations.

5.      DCHFA admits that, in regards to the first sentence of paragraph 5 of the amended complaint, it was Plaintiff's employer.  However, DCHFA states that whether or not DCHFA was an employer as defined under FMLA, 29 U.S.C. § 2611(4), and DC FMLA, D.C. Code § 32-501(2), is a legal conclusion which does not require a response.  To the extent a response is required, DCHFA denies the allegations.  DCHFA admits the allegations in the second sentence of paragraph 5 of the amended complaint.

6.      DCHFA states that, in regards to the first sentence of paragraph 6 of the amended complaint, whether or not Plaintiff was an employee eligible to take family leave under FMLA, 29 U.S.C. § 2611(2), and DC FMLA, D.C. Code § 32-501(1), is a legal conclusion which does not require a response.  To the extent a response is required, DCHFA denies the allegations. DCHFA admits the allegations in the second sentence of paragraph 6 of the amended complaint.

### STATEMENT OF THE CLAIM

7.      DCHFA admits that Plaintiff began his employment with DCHFA on or about October 1, 1981.

8.      DCHFA admits the allegations in paragraph 8 of the amended complaint.

9.      DCHFA admits the allegations in paragraph 9 of the amended complaint.

10.      DCHFA lacks sufficient knowledge or information to admit or deny the allegations in paragraph 10 of the amended complaint and, therefore, denies the allegations.

3

11.    DCHFA admits that Plaintiff's leave lasted a total of five working days, from October 16-20, 2006.  DCHFA further admits that when Plaintiff returned, Mr. Sewell informed him that he had missed an office meeting that Plaintiff himself had set up with an outside vendor. Except to the extent admitted, DCHFA denies the remaining allegations in paragraph 11 of the amended complaint.

12.    DCHFA states that the form submitted by Plaintiff speaks for itself.  To the extent the allegations in paragraph 12 of the amended complaint are inconsistent with the form submitted by Plaintiff, the allegations are denied.

13.    DCHFA denies the allegations in paragraph 13 of the amended complaint.

14.    DCHFA denies Plaintiff's allegation that the performance lapses were "inconsequential."  As for DCHFA's personnel rules, DCHFA states that the personnel rules speak for themselves.  To the extent the allegations are inconsistent with the personnel rules, the allegations are denied.

15.    DCHFA admits that Plaintiff failed to receive a written performance evaluation as no employees received a written evaluation that year.  Except to the extent admitted, DCHFA denies the remaining allegations in paragraph 15 of the amended complaint.

16.    DCHFA denies the allegations in paragraph 16 of the amended complaint.

17.    DCHFA denies the allegations in paragraph 17 of the amended complaint.

18.    DCHFA denies the allegations in paragraph 18 of the amended complaint.

### DEMAND FOR RELIEF

19.    DCHFA denies that Plaintiff is entitled to any of the relief requested in his "Demand for Relief," including subsections 1 through 8 thereof, or to any relief whatsoever.

### DEMAND FOR JURY TRIAL

20.     Plaintiff's demand for a jury trial is a legal conclusion which does not require a response.  To the extent a response is required, DCHFA denies the allegation.

21.     DCHFA denies all allegations not specifically admitted.

WHEREFORE, DCHFA respectfully requests that Plaintiff's amended complaint be dismissed with prejudice and that DCHFA be awarded its attorneys' fees, costs, and such other relief as this Court deems appropriate.


Respectfully submitted,


 /s/  Charles W. Chotvacs
Jeffrey W. Larroca #453718
Charles W. Chotvacs #484155
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
601 13th Street, N.W.
Suite 1000 South
Washington, D.C.  20005-3807
Telephone: (202) 661-2200
Facsimile: (202) 661-2299
E-mail:  larroca@ballardspahr.com
            chotvacsc@ballardspahr.com

November 27, 2007

*Counsel for Defendant*
*District of Columbia Housing Finance Agency*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 27th day of November, 2007, the foregoing Answer to Plaintiff's Amended Complaint was electronically filed with the Clerk of the Court using the Court's CM/ECF system, which shall send notice of electronic filing to the following counsel for plaintiff:

    Jonathan L. Gould
    KESTELL AND ASSOCIATES
    1012 14th Street, N.W.
    Suite 630
    Washington, D.C.  20005
    E-mail: jgould@igc.org
    *Counsel for Plaintiff*
    *Reginald L. Butler*

      /s/  Charles W. Chotvacs
      Charles W. Chotvacs

DMEAST #9920761 v1