IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REGINALD L. BUTLER,<br><br>    *Plaintiff*,<br><br>v.<br><br>DISTRICT OF COLUMBIA<br>HOUSING FINANCE AGENCY,<br><br>    *Defendant*. | Case No. 07-CV-2046 (HHK) |

## THE PARTIES' LOCAL CIV. R. 16.3 STATEMENT

### I.   STATEMENT OF THE CASE / STATUTORY BASIS FOR CAUSES OF ACTION AND DEFENSES

Plaintiff Reginald L. Butler has brought this actions under the federal Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et seq.*, and the District of Columbia Family and Medical Leave Act ("DC FMLA"), D.C. Code §§ 32-501 *et seq.* Mr. Butler alleges that, in terminating his employment, Defendant District of Columbia Housing Finance Agency ("DCHFA") interfered with his rights protected under FMLA and DC FMLA and retaliated against him for requesting and taking leave authorized under those laws. DCHFA denies that any actions taken against Mr. Butler were in violation of either FMLA or DC FMLA. Moreover, as regards Mr. Butler's claim for liquidated damages under FMLA and for money damages under DC FMLA, DCHFA states no such damages are due because at all times relevant hereto, DCHFA's actions towards Mr. Butler were reasonable and taken in good faith. *See* 29 U.S.C. § 2617(a)(1)(A)(iii); D.C. CODE ANN. § 32-509(b)(6)(C); -510(c).

## II.    LOCAL CIV. R. 16.3(c) MATTERS

1.  Mr. Butler does not believe that this case can be disposed of by dispositive motion. DCHFA believes that this case can be disposed of by dispositive motion on summary judgment at the close of discovery.

2.  The parties believe that the date by which any other parties shall be joined or the pleadings amended should be 20 days after the Court's initial scheduling conference, on or by January 24, 2008. The parties do not believe that any factual or legal issues can be further narrowed at this point.

3.  The parties do not agree to assignment of this case to a magistrate judge for all purposes.

4.  The parties believe that there may be some possibility of settling this case after discovery, although not at this point, and will inform the Court if the possibility of settlement becomes realistic at any time.

5.  The parties are willing to schedule this case for mediation with a Magistrate Judge after the close of discovery. Both counsel for plaintiff and for defendant state that they have discussed mediation and their response to LCvR 16.3(c)(5) with their respective clients.

6.  Mr. Butler does not believe that this case can be disposed of by summary judgment or motion to dismiss. DCHFA believes that this case can be disposed of by summary judgment at the close of discovery. The parties believe that the deadline for dispositive motions should be 30 days after the close of discovery, or on June 4, 2008, with oppositions due 21 days after service of the dispositive motion, and reply briefs due 14 days after service of the opposition. The parties propose that decisions on any dispositive motions shall be rendered within 45 days of the date of the last filing associated with the motion, or on or by August 23,

2008.

7. The parties agree that initial disclosures pursuant to Rule 26(a)(1), Fed.R.Civ.P., shall be exchanged within 30 days after the Court's initial scheduling conference.

8. The parties agree that the deadline for post-Rule 26(a)(1) discovery requests, i.e., interrogatories, document requests, and requests for admissions, should be 45 days after the Court's initial scheduling conference, or February 18, 2008, and that discovery should be guided by the Federal Rules of Civil Procedure and this Court's Local Rules, which set a presumptive limit of no more than 10 depositions of a duration of no more than 7 hours per witness and 25 interrogatories per party. The parties believe that discovery should close on May 5, 2008, approximately 120 days after the Court's initial scheduling conference.

9. The parties believe that the requirements of Rule 26(a)(2), Fed.R.Civ.P., should govern. The parties propose that plaintiff's Rule 26(a)(2) report be served 60 days after the Court's initial scheduling conference, or by March 4, 2008, with defendant's Rule 26(a)(2) report to be served 90 days after the Court's initial scheduling conference, or by April 3, 2008.

10. There are no class issues involved in this case.

11. The parties agree that neither discovery nor trial should be bifurcated.

12. The parties propose that a final pretrial conference date be set 60 days after the Court's decision on dispositive motions, if any are filed. If no dispositive motions are filed, then the parties propose a pretrial conference date 180 days from the date of the Court's issuance of the scheduling order.

13. The parties propose that a firm trial date be set at the pretrial conference.

14. The parties have discussed issues related to the disclosure and preservation of electronically stored information. The parties agree to preserve all electronically stored

3

information related to this case. Based on the parties' current understanding of the scope of this litigation, it is believed that all such information can be produced in paper format.

Respectfully submitted this 14th day of December, 2007:

/s/ Jonathan L. Gould
Jonathan L. Gould #491052
KESTELL & ASSOCIATES
1012 14th Street, N.W.
Suite 630
Washington, D.C. 20005
Telephone: (202) 347-4481
Facsimile: (202) 347-4482
E-mail: jgould@igc.org
*Counsel for Plaintiff*
*Reginald L. Butler*

/s/ Charles W. Chotvacs
Jeffrey W. Larroca #453718
Charles W. Chotvacs #484155
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
601 13th Street, N.W.
Suite 1000 South
Washington, D.C. 20005-3807
Telephone: (202) 661-2200
Facsimile: (202) 661-2299
E-mail:  larroca@ballardspahr.com
         chotvacsc@ballardspahr.com
*Counsel for Defendant*
*District of Columbia Housing Finance Agency*

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| REGINALD L. BUTLER, | ) |
| *Plaintiff*, | ) ) ) ) |
| v. | ) ) Case No. 07-CV-2046 (HHK) |
| DISTRICT OF COLUMBIA HOUSING FINANCE AGENCY, | ) ) ) ) |
| *Defendant*. | ) ) ) |

## **SCHEDULING ORDER**

Upon consideration of the Parties' Local Civ. R. 16.3 Statement, the Court enters the following Scheduling Order in this case:

1. The deadline for joinder of additional parties and the amendment of pleadings is **January 24, 2008.**

2. The deadline for the exchange of Rule 26(a)(1), Fed.R.Civ.P., initial disclosures is 30 days from the issuance of this Scheduling Order.

3. The deadline for post-Rule 26(a)(1) discovery requests (interrogatories, document requests, and requests for admissions) is **February 18, 2008.**

4. The deadline for plaintiff's Rule 26(a)(2) expert witness report and information is **March 4, 2008.** The deadline for defendant's Rule 26(a)(2) expert witness report and information is **April 3, 2008.**

5. Discovery will close on **May 5, 2008.**

6.  Dispositive motions must be filed on or by **June 4, 2008**, with oppositions due 21 days after service of the dispositive motion, and reply briefs due 14 days after service of the opposition.

7.  The final pretrial conference shall take place approximately 60 days after the Court's decision on dispositive motions, if any are filed. If no dispositive motions are filed, then a pretrial conference shall take place approximately 180 days from the date of the Court's issuance of the Scheduling Order.

_____                                      _____
Date                                                                         Henry H. Kennedy, Jr.
                                                                             United States District Judge

<u>A copy of the foregoing Order shall go to</u>:

Jonathan L. Gould
KESTELL & ASSOCIATES
1012 14th Street, N.W.
Suite 630
Washington, D.C. 20005
*Counsel for Plaintiff*
*Reginald L. Butler*

Jeffrey W. Larroca
Charles W. Chotvacs
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
601 13th Street, N.W.
Suite 1000 South
Washington, D.C. 20005
*Counsel for Defendant*
*District of Columbia Housing Finance Agency*

2