## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT COLUMBIA

| | | |
|---|---|---|
| **REGINALD L. BUTLER** | : | |
| **8622 Blackpool Drive** | : | |
| **Annandale, VA  22003** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Civil Action No. 07-cv-2046 (HHK)** |
| | : | |
| **DISTRICT OF COLUMBIA** | : | |
| **HOUSING FINANCE AGENCY** | : | |
| **815 Florida Avenue, NW** | : | |
| **Washington, DC 20001** | : | |
| | : | |
| **Defendant.** | : | **February 15, 2008** |

## SECOND AMENDED COMPLAINT

### JURISDICTION

1.     This action is authorized and brought under the federal Family and Medical Leave Act (FMLA), 29 U.S.C. §2601, et.seq. at §2617(a)(2) and the District of Columbia Family and Medical Leave Act (DCFMLA), DC Code §32-501, et.seq. at §32-510(a).

2.     The plaintiff, Mr. Reginald L. Butler (hereafter referred to as Mr. Butler or the plaintiff) alleges that, in terminating his employment, the defendant interfered with his rights protected under the FMLA and DCFMLA and retaliated against him for requesting and taking leave authorized under those laws.

**PARTIES**

3.      The plaintiff, Mr. Butler, is a United States citizen who currently resides in Annandale, VA.

4.      The defendant, District of Columbia Housing Finance Agency, (hereafter referred to as the defendant or DCHFA) is a corporation engaged in interstate commerce. At all times relevant herein, it did business in the District of Columbia.

5.      During the time periods relevant to this complaint, DCHFA was an employer of Mr. Butler as defined by the FMLA, 29 U.S.C. §2611(4) and the DCFMLA §32-501(2). At all times relevant herein, on information and belief DCHFA employed 20 or more and 50 or more persons for 20 or more calendar workweeks in the calendar year during which Mr. Butler took family leave.

6.      During the time periods relevant to this complaint, Mr. Butler was an employee eligible to take family leave under 29 U.S.C. §2611(2) and the DCFMLA §32-501(1). In the 12-month period previous to requesting family leave, he had worked for the defendant for at least 12 months and had at least 1250 hours of service for the defendant.

**STATEMENT OF THE CLAIM**

7.      The plaintiff, Mr. Butler, began his employment with the defendant on October 1, 1981.

8.      Mr. Butler received several promotions eventually rising to the position of Director, Business Services.

9.      However, at the instruction of Harry Sewell, who was then Acting Director of DCHFA, the defendant terminated Mr. Butler's employment on October 27, 2006 after over 25 years of service.

10.     At the time of the termination, Mr. Butler had just returned from a family leave as defined under DC Code §32-502(a)(4) and 29 U.S.C §2612(a)(1), Mr. Butler had requested the leave to care for his mother who had been hospitalized in critical condition in Cincinnati, Ohio.

11.     Mr. Butler's leave lasted a total of five working days. On October 25, two days after Mr. Butler returned from his leave, Sewell indicated to Mr. Butler that Sewell was dissatisfied because Mr. Butler had missed an office meeting.  Sewell rejected Mr. Butler's requests to discover what had happened at the meeting and Mr. Butler's requests to assist him with any necessary follow-up.

12.     On October 26, 2006, Mr. Butler submitted a written form under the defendant's FMLA and DCFMLA policies requesting an additional 25 days of family leave in the next several weeks in order to take care of his mother.

13.     The next day, October 27, 2006, Sewell terminated Mr. Butler for alleged performance lapses.  Despite the fact that Sewell knew that these alleged lapses occurred before Mr. Butler took family leave and before Mr. Butler requested additional family leave, Sewell said nothing to Butler about his intentions until that day.

14.     These alleged performance lapses were also so inconsequential that the defendant's personnel rules did not even list them as grounds for immediate termination.

15.     Further, some of these lapses Sewell failed to document in a written performance evaluation.  Mr. Butler should have received this performance evaluation at the end of the agency fiscal year (September 30, 2006).

16.     In terminating Mr. Butler's employment for reasons that were not serious offenses right after he returned from a family leave and right before he requested additional family

leave, the defendant interfered with, restrained and denied Mr. Butler his rights as an employee eligible for such leave under the FMLA and the DCFMLA and retaliated against him for requesting and taking such leave.  The defendant thus violated 29 U.S.C. §§2614 and 2615 and DC Code §32-507.

17.    As a result of the defendant's violations of the FMLA and the DCFMLA, Mr. Butler has suffered, and continues to suffer, a loss of employment, lost compensation and benefits, and other rights and privileges of his employment.

18.    The defendant cannot prove that it acted in good faith or that it had a reasonable belief that it was not violating the FMLA and the DCFMLA.

**DEMAND FOR RELIEF**

WHEREFORE, Mr. Butler requests that the Court award him the following relief:

1.      Issue a ruling declaring that the defendant has violated his rights under the FMLA and DCFMLA;

2.      Award him monetary damages to make him whole for all losses including, but not limited to, lost salary and benefits that he suffered because of the defendant's illegal conduct;

3.      Direct the defendant to reinstate him or, in the alternative, award him front pay;

4.      Award him additional liquidated damages for the defendant's violations of the FMLA;

5.      Award him an additional sum equal to the amounts set forth in D.C. Code §32-509(b)(6);

6.      Award him pre- and post-judgment interest on all pay awarded;

7.      Direct the defendant to take any other actions that are necessary to give him complete relief within the remedial scope of the FMLA and DCFMLA, including awarding costs incurred in this action and reasonable attorneys' fees.

8.      Award him any other legal or equitable relief to which he is entitled.

**DEMAND FOR JURY TRIAL**

Mr. Butler hereby demands a trial by jury regarding all issues that he is entitled to under law.

Respectfully Submitted,
The Plaintiff,
REGINALD L. BUTLER


By /s/Jonathan L. Gould _____
      Jonathan L. Gould
      DC Bar # 491052
      Kestell and Associates
      1012 14th Street, NW, Suite 630
      Washington, DC 20005
      Tel. 202-347-3889
      Fax 202-347-4482
      Email: jgould@igc.org
      Attorney for the Plaintiff